Date signed August 19, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| WARREN R. FRIES : | Case No. 06-11424PM |
| : | Chapter 13 |
| Debtor : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | |

## MEMORANDUM OF DECISION

     This case came before the court on July 12, 2006, for hearing on Debtor's First Amended Chapter 13 Plan filed July 10, 2006. Objections to Debtor's original Plan were filed on behalf of Karina and Michael Poteshman, on behalf of Dance Unlimited, Inc., Donna Grim, and Charles Smith, as well as by the Chapter 13 Trustee. As a result of the amendment that increases funding of the Plan so as to provide for a 100% payment to unsecured creditors, the bulk of the Trustee's objection is now moot.

     Because the claim of Dance Unlimited, Inc., is unliquidated, the court finds that this Debtor is eligible to file a bankruptcy case under Chapter 13 in that his noncontingent liquidated unsecured debts are less than $307,675.00. Further, because of the undertaking to pay unsecured creditors in full, the court finds that the First Amended Plan is filed in good faith and finds insufficient evidence in the record to support the finding that the petition was filed in bad faith. However, the court finds from the undervaluations of the property, as evidenced by Debtor's report to the State of Maryland Department of Labor, Licensing and Regulation, the failure of the Debtor to disclose a valuable item of personal property, and the inaccurate statements of cash held in his bank account, as well as his failure to schedule an account receivable and to list all of his creditors, that extraordinary measures must be taken to protect the unsecured creditors.

The court will therefore condition the entry of the Order confirming Debtor's Plan. The condition is that Debtor must file an Addendum to the Chapter 13 Plan, under oath, that if all liquidated claims are not paid in full by June 30, 2007, Debtor consents to the entry of an order converting his case to a case under Chapter 7, without a further hearing, and Debtor irrevocably waives the right to move to dismiss this bankruptcy case under Chapter 13 prior to August 1, 2007. This ruling is made upon the assumption that all claims will be liquidated prior to May 30, 2007. Any proceeds from the sale of real estate are to be held in escrow pending closure of the case.

Should Debtor fail to file the Addendum to his Chapter 13 Plan, confirmation will be denied without leave to amend.

cc:
Scott C. Borison, Esq., 3500 Buckeystown Pike, Frederick, MD 21703
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Alan D. Eisler, Esq., 11140 Rockville Pike, Suite 570, Rockville, MD 20852
Stephen K. Carper, Esq., One West Church Street, Frederick, MD 21701
Warren R. Fries, 306 W. Main Street, Middletown, MD 21769

**End of Memorandum**