Date signed January 17, 2007



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                : 
                                      :
WARREN R. FRIES                       :    Case No. 06-11424PM
                                      :        Chapter 13
      Debtor                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

## MEMORANDUM OF DECISION

      This case came before the court for hearing on January 17, 2007, on Motion filed by the creditor, Dance Unlimited, Inc., to stay proceedings on Debtor's objection to its proof of claim fuked and to modify the automatic stay to permit arbitration to go forward.  The Motion was opposed by the Debtor.

      This case was filed on March 16, 2006.  Debtor's Chapter 13 Plan was confirmed by an Order of this court entered September 29, 2006.  There were two unsecured claims without priority filed in this case - the claim of Dance Unlimited, Inc., and the claim of Michael Poteshman.  Both of these claims grew out of construction contracts containing a mandatory mediation/arbitration clause.  See paragraph 9.10 of the contract.  The Poteshman case went to arbitration, and an award was entered December 19, 2005, in the sum of $152,114.00.

      Debtor urges that he cannot bear the expense of arbitration, together with the payments under his Chapter 13 Plan.  It is inconceivable to the court that the expense of arbitration would be more than the expenses of a full-blown adversary proceeding before this court and the cost of any appeals therefrom, particularly in view of Debtor's position stated in his objection to the proof of claim that he denies any and all liability to the claimant.

While the objection to a proof of claim is a core proceeding, the court finds that arbitration should be compelled in this case in that the Bankruptcy Code does not inherently conflict with the mediation or arbitration of this claim. There is no danger of a need to protect anyone from piecemeal litigation, and the court finds insufficient reason to override the Federal Arbitration Acts general policy favoring the enforcement of arbitration agreements. *See generally, MBNA America Bank, N.A., v. Hill*, 436 F.3d 104 (CA2 2006), and *In re White Mountain Mining Company, LLC*, 403 F.3d 164 (CA4 2005).

An appropriate order will be submitted by counsel.

cc:
Warren R. Fries, 306 W. Main Street, #2, Middletown, MD 21769
Scott C. Borison, Esq., 5500 Buckeystown Pike, Frederick, MD 21703
Stephen K. Carper, Esq., One West Church Street, Frederick, MD 21701
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**