Date signed June 23, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                          :
                                                :
WARREN R. FRIES                                 :        Case No. 06-11424PM
                                                :              Chapter 7
                          Debtor                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

Steven H. Greenfeld, the Chapter 7 Trustee of this estate, filed a Motion to approve a compromise of a claim with Dance Unlimited, Inc.  Objections to the compromise were filed by the Debtor and Michael and Karina Poteshman.  At the hearing held June 15, 2008, the Trustee announced that the proposed compromise was modified so that the claim of Dance Unlimited, Inc. would be subordinated to the claims of the remaining holders of unsecured claims; principally, the claim of the Poteshmans in the sum of $162,237.27.  The court estimates less than $5,000.00 is due to creditors other than the Poteshmans and Dance Unlimited, Inc.

The court understands that the Trustee is holding approximately $421,000.00, resulting from the sale of certain property that was scheduled by the Debtor at a value of $13,000.00. There is uncertainty as to whether the bankruptcy estate will have to pay a capital gains tax of $80,000.00 to $90,000.00.  The Trustee estimates commissions and legal fees to amount to approximately $25,000.00.  The claim of Dance Unlimited, Inc. is now in the amount of $337,915.42, $190,000.00 of which is stated to be the cost of completing the HVAC system. Because of the admittedly shoddy nature of what work was done by the Debtor, no issue was taken with the claim other than as to the HVAC system.  While the figure is not exact, this

compromise would result in a payment to Dance Unlimited, Inc. of $158,000.00 to $240,000.00, depending upon whether the estate is successful in its effort to obtain an abatement of the capital gains tax.

The modified settlement proposal is satisfactory to the Poteshmans. The Debtor objects to the settlement, contending that the settlement is far more than the estate would have to pay if the Trustee's dispute with Dance Unlimited, Inc. is continued to conclusion in the arbitration proceeding now pending. The Debtor has standing to make this objection because of the possibility that this would be a solvent estate were the Trustee to prevail in the arbitration and succeed in his effort to avoid paying a capital gains tax on account of the sale of certain property. In such as case, money would be returned to the Debtor after payment in full to all unsecured creditors, with interest. The Debtor would not have such standing in a case involving an insolvent estate. *See In re Willemain*, 764 F.2d 1019 (CA4 1985).

The Debtor has been less than forthcoming in this bankruptcy case. A full description of the alleged misconduct of the Debtor is set forth in a Complaint to deny his discharge filed by the United States Trustee, Adversary Proceeding No. 07-0761. Items mentioned include his failure to schedule Dance Unlimited, Inc. as an unsecured creditor, his failure to schedule domestic support obligations, and his massive undervaluation of the property that the Trustee sold. In addition, the Debtor filed this case under Chapter 13 when he was not eligible to be a debtor in a case under Chapter 13 in that he had non-contingent liquidated unsecured debts of more than $307,675.00. 11 U.S.C. § 109(e). The court has no hesitation in saying that this case was filed in bad faith. Rather than convert the case to a case under Chapter 11 where he would have had responsibility for prosecuting this objection to the claim of Dance Unlimited, Inc., the Debtor opted to lay low and let the Trustee prosecute the action at the estate's expense. The court finds that if the Debtor thought there was substantial merit to his objection, he would have elected to convert this to a case under Chapter 11.

The criteria for consideration of a proposed settlement are set forth in the case of *In re Nutraquest, Inc.*, 434 F.3d 639, 644 (CA3 2006) (*quoting In re Martin*, 91 F.3d 389, 393 (CA3 1996). These include the following:

1. The probability of success in litigation.

2. The likely difficulties in collection.

3. The complexity of the litigation involved, and the expense, inconvenience and delay

necessarily attending it.

    4.  The paramount interest of the creditors.

With respect to the air conditioning, the contract is somewhat ambiguous in that Article 1 states "reuse . . . . . HVAC system" as well as the phrase "supply & install additional lighting, outlets, sprinklers and HVAC for compliance with Code or as specified in Schedule H." The record does not reflect that Schedule H was ever completed.

    Applying the standards of *Nutraquest* to this case, the Trustee appears to have a likelihood of success in the air conditioning litigation. There is no collection issue. The Trustee is the one paying the money. The arbitration is underway, and the costs of arbitration are estimated at a minimum of $15,000.00 for legal fees, and quite possibly another $5,000.00 to $10,000.00 for expenses. The interests of the creditors are served by a quick settlement, particularly the Poteshmans, whose arbitration award was entered December 19, 2005. Finally, the court is advised that the Debtor is not well, and his participation in the arbitration proceeding may be limited.

    Considering all of the relevant factors, the court will approve the settlement as announced in court on June 18, 2008, with a slight modification. Should the Trustee prevail in the tax abatement claim, the court will direct that, after payment of the Poteshmans, the Debtor be paid a sum equivalent to 20% of the amount saved on the tax abatement.

cc:
Steven H. Greenfeld, Trustee, 7910 Woodmont Avenue, Suite 760, Bethesda, MD 20814
Alan D. Eisler, Esq., 11140 Rockville Pike, Suite 570, Rockville, MD 20852
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
Stephen K. Carper, Esq., One West Church Street, Frederick, MD 21701
Michelle E. Stawinski, Esq., P.O. Box 35, Riverdale, MD 20738
Karina/Michael Poteshman, 103 Mariam Pass, Middletown, MD 21769

**End of Memorandum**